UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A STANFIELD,

                Plaintiff,

v.

STATE OF WASHINGTON,

                Defendants.

Case No. C20-6209 RJB

REPORT AND RECOMMENDATION

Noted for March 12, 2021

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis*.

BACKGROUND

Plaintiff brings this action seeking review of a decision by the Washington State Court of Appeals. Dkt. 1. Plaintiff alleges that the state trial court committed error during his criminal trial – allegedly resulting in violations of his federal and state constitutional rights. Dkt. 1. Plaintiff is only challenging the trial court's imposition of restitution and does not allege that he is seeking release from custody. Dkt. 1. Plaintiff also alleges that the Washington State Court of Appeals erred by upholding the trial court's decision. Dkt.

1. Plaintiff requests that the Court review and overturn the decision of the Washington State Court of Appeals. Dkt. 1

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [plaintiff] with notice of the deficiencies in his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by person acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527,

535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

A. <u>Rooker-Feldman</u>

"Rooker-Feldman is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The Rooker-Feldman doctrine prohibits a district court from reviewing the decision of a state court when: 1) a federal plaintiff asserts as their legal injury, a legal error by the state court and 2) seeks as their remedy, relief from the state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Plaintiff's proposed complaint alleges the state trial court committed legal error during his trial and that the Washington Court of Appeals committed legal error when reviewing the trial court's decision. Dkt. 1 Plaintiff alleges that these legal errors violated

REPORT AND RECOMMENDATION - 3

his rights under the United State Constitution and under the Washington State Constitution. Dkt. 1. Therefore, plaintiff's proposed complaint asks the Court to overturn the Washington Court of Appeals decision.

Plaintiff's proposed complaint asks the Court to review the decision of a state court, therefore, Rooker-Feldman doctrine precludes the Court's jurisdiction over plaintiff's claims.

B. <u>Leave to Amend</u>

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff cannot amend the complaint to cure the deficiencies in the complaint because plaintiff is precluded from litigating his claim due to the Rooker-Feldman doctrine. Therefore, leave to amend should be denied as amendment would be futile.

<u>CONCLUSION</u>

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* should be DENIED.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on March 12, 2021, as noted in the

REPORT AND RECOMMENDATION - 4

caption. If no objections are filed, and if plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 24th day of February, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5